## APPROPRIATION OF ABANDONED CEMETERY.

Circuit Court of Montgomery County.

### PANSING v. VILLAGE OF MIAMISBURG.[*]

Decided, July 6, 1907.

*Eminent Domain—Appropriation of Abandoned Cemetery by Village—Rights of Persons Who have made Interments upon Payment of a Fee—Harmonious Purposes of the Appropriation—Method of Procedure—Certificate of Clerk—Necessity for the Appropriation—Designation of Parties Defendant.*

1. A cemetery wherein interments were made upon payment of a fee without the granting of any title to the ground, and in which no interments have been made for forty years, may be appropriated by a village for use for parks and public buildings.

2. The Burns law, requiring that before any expenditure is authorized the clerk or auditor shall certify that funds sufficient to meet the proposed expenditure is in the treasury and unappropriated, can not be made to apply to an appropriation proceeding in advance of any knowledge as to what the property will cost.

3. In such a proceeding it is not necessary to declare the interest to be acquired, and in the absence of a declaration a fee simple will be presumed; nor can the necessity of the appropriation be questioned, except for collusion or fraud.

4. Where the property is owned by a religious society the trustees of the society should be individually named as such in the caption of the application to assess compensation.

Gottschall & Turner and Mahlon Gebhart argued for the plaintiff in error, Pansing, that the probate court had no jurisdiction to determine the questions raised, and cited Revised Statutes, Sections 1536-108 and 1536-111; P., C., C. & St. L. Ry. Co. v. Greenville, 69 O. S., 487, and Grant v. Hyde Park, 67 O. S., 166.

That the relatives and even friends of deceased persons buried in the cemetery are the real parties in interest, and have a standing in a court of equity to restrain the village from entering on

[*] Affirmed by the Supreme Court without report, 79 Ohio State, ——,

the land: Davidson v. Reed, 111 Ill., 167; Boyce v. Kalbaugh, 47 Md., 334; Sabin v. Harkness, 4 N. H., 415; Wormley v. Wormley, 207 Ill., 411.

That if the statute is not strictly followed the probate court acquires no jurisdiction and its proceedings are void: Harbeck v. Toledo, 11 O. S., 219; Harbeck v. Connelly, 11 O. S., 227; Platt v. Penn. Co., 43 O. S., 228; Giesy v. Ry. Co., 4 O. S., 308.

That no certificate was filed by the clerk as required by Section 1536-205: Rhoades v. Toledo, 6 C. C., 9; Ryan v. Hoffman, 26 O. S., 109.

That the resolution, ordinance and application do not state the purpose of the appropriation: Grant v. Hyde Park, 67 O. S., 166; Section 1536-103 and 105; Taylor v. Taylor, 55 O. S., 61; Railway v. Bohm, 34 O. S., 114; Randolph on Eminent Domain, Section 56, bot. p. 53; Lewis on Eminent Domain, Section 308.

That the resolution, ordinance and application do not state the estate or interest sought to be appropriated: 98 O. L., 164; Giesy v. Railway, 4 O. S., 308; Dodson v. Cincinnati, 34 O. S., 276; Railway v. Bohm, 34 O. S., 114.

That council made no finding or declaration that the appropriation of this real estate was necessary for the public use: 4 O. S., 308, *supra*; 34 O. S., 276; State v. Curtis, 86 Wis., 140.

That the property was devoted to public uses and can not be condemned; as to what constitutes a public cemetery: Lay v. State, 12 Ind. App., 362; as to dedication, which arises out of the conduct of the owner and the acts of those who rely thereon by permitting others to bury there: Davidson v. Reed, 111 Ill., 167; Hunter v. Trustees Sandy Hill, 6 Hill (N. Y.), 407-13; Boyce v. Kalbaugh, 47 Md., 334; Beatty v. Kurtz et al, 2 Peters (U. S.), 566; Wormley v. Wormley, 207 Ill., 411; Rosewood Cemetery v. Bandy, 93 Ind., 246; Kitchen v. Wilkinson, 26 Pa. Super. Ct., 75; 6 Cyc., 714; 13 Cyc., 446.

As to abandonment, mere disuse, especially where it results from the filling up of a cemetery, never constitutes abandonment: Commonwealth v. Wellington, 7 Allen (Mass.), 299. See, also, Stockton v. Newark, 42 N. J. Eq., 531; Kansas City v. Sacarrit, 169 Mo., 471; Dangerfield v. Williams, 26 App. D. C., 508; 6 Cyc., 715.

That a public cemetery can not be condemned in Ohio: Iron Co. v. City of Ironton, 19 O. S., 299; Hatch v. C. & I. Ry., 18 O. S., 119; Little Miami v. Dayton, 23 O. S., 510-518; Hickok v. Hine, 23 O. S., 523; R. R. v. Belle Center, 48 O. S., 273; St. Ry. Co. v. St. Ry. Co., 50 O. S., 603-616.

As to the law in other states: Evergreen Cemetery v. New Haven, 43 Conn., 234; Memphis State Line Ry. Co. v. Forest Hill Cemetery Co., 116 Tenn., 400; Lewis on Eminent Domain, second edition, 654; 6 Peters, 438; Hunter v. Trustees Sandy Hill, 407; 2 Peters, 566; 116 Tenn., 422.

J. C. Myers, Village Solicitor, and Rowe, Shuey, Matthews & James, cited for the defendant in error: Sloan v. Railway, 7 C. C., 84; Spangler v. Cleveland, 43 O. S., 526; Kellog v. Ely, 15 Ohio, 64; Railway v. Fostoria, 7 C. C., 293; Colby v. Toledo, 22 C. C., 736; Railway v. Belle Center, 48 O. S., 290; Richards v. Skiff, 8 O. S., 586; T. & O. C. Ry. v. Beard, 20 C. C., 681; Heckman v. Adams, 50 O. S., 305; Moore v. Moore, 46 O. S., 89; Toledo v. Preston, 50 O. S., 36; Thoms v. Greenwood, 7 Am. L. Rec., 320; Hallock v. Columbus, 1 N. P.—N. S., 205; Swing v. Rose, 75 O. S., 355; Fire Ins. Co. v. Furniture Co., 108 Mich., 176; Stove Co. v. Mehling, 21 C. C., 60; Reynolds v. Stansbury, 20 O. S., 345; Sheldon v. Newton, 3 O. S., 494; Ex parte Bushnell, 8 O. S., 599; Railway v. Traction Co., 1 N. P.—N. S., 296; Railway v. Ironton, 19 O. S., 299; Krumberg v. Cincinnati, 29 O. S., 69; Caldwell v. Carthage, 49 O. S., 334; Strauss v. Cincinnati, 24 W. L. B., 422; R. R. v. O'Meara, 2 W. L. B., 142; Coster v. Water Co., 18 N. J. Eq., 54; Water Co. v. Burkhardt, 41 Ind., 364; People v. Smith, 21 N. Y., 595; Sample v. Carroll, 132 Ind., 496; R. R. Co. v. Kipp, 46 N. Y., 546; Ward v. Turnpike Co., 6 O. S., 15; Commonwealth v. Connellsville, 201 Pa., 154; Laird v. Pittsburg, 54 Atlantic, 324; Wellsville v. O'Conner, 1 C. C.—N. S., 253; Ryan v. Orbison, 7 O. C. C., 30; Put-in-Bay v. Well, 18 C. C., 780; Klopfer v. Sunderland, 1 Iddings, 143; Grant v. Hyde Park, 67 O. S., 166; Section 1536-111, Revised Statutes; Ellis' Forms, Ellis' Code, 88 and 89; Order of Procedure, Ellis' Code, 87; C., H. & D. R. R. v. sundry persons, 7 W. L. J., 265; Mills on Eminent Domain, Section 20; In re

Application to Acquire St. John's Cemetery, 133 N. Y., 329; In
re Deansville Cemetery Assn., 66 N. Y., 569; Randolph on Emi-
nent Domain, Section 97; Richards v. Sutherland, 32 Barb., 42;
Babb v. Cincinnati, 36 W. L. B., 206; Matter of Street Opening,
133 N. Y., 336; R. R. Co. v. Ironton, 19 O. S., 299; C., H. & D.
v. Spring Grove, 1 Ohio Dec. (Reprint), 316 (7 W. L. J., 251);
State v. Jersey City, 58 N. J. L., 262; In re Railway Co., 99 N.
Y., 12; Ry. Co. v. Mining Co., 161 Mo., 288; C., H. & D. v.
Spring Grove, 1 Ohio Dec. (Reprint), 316 (7 W. L. J., page
251); Sections 1464 to 1475-1; Sections 1536-478 to 1536-518;
Sections 3571 to 3586-5; Mannix v. Purcell, 46 O. S., 102;
tery Association, 66 N. Y., 569; Mannix v. Purcell, 46 O. S., 102;
Elliott on Evidence, Sections 1335 and 1336; Sections 420 to
433; Potter v. Norwood, 21 C. C., 461.

An old cemetery containing about .39 of an acre lies near the
center of the town of Miamisburg. The title to the land is in
the German Reformed and Lutheran churches. Prior to about
1860 it was used as a public burying ground, although the
church controlled it, and might charge a fee for burying unless
they saw fit to remit such charge. There have been practically
no burials in it for possibly forty years.

The village council decided to appropriate this land for the
purpose of erecting public buildings. Being more ground than
would be required for the buildings proper, the appropriation
resolution and subsequent proceedings used the following lan-
guage, "for parks and public building purposes," etc., it being
intended that the ground around the buildings should be kept
as incidental to the buildings, although not to be built upon.
Plaintiff claimed that this language made the proceedings in-
volve more than one subject, and therefore illegal under the
statute. The resolution did not specify the estate to be taken
and the plaintiff urged this as an error, but defendant claimed
that under the present statute, which provides that an estate in
fee shall be taken unless some other estate is asked, the village
was entitled to the fee.

No certificate of the clerk of the corporation was filed showing
the money in the treasury for the appropriation. Plaintiff in-

sisted that this also was an error.   Plaintiff also claimed that the village had no right to appropriate the land, because it was already used for public purposes and was in fact public property.

The circuit court found all of plaintiff's objections not well founded, and that the village had the right to appropriate the land.   This judgment of the circuit court was affirmed by the Supreme Court.

DUSTIN, J.; WILSON, J., and SULLIVAN, J., concur.

We think the Village of Miamisburg has the power to appropriate the cemetery in question for public purposes.   It has not been in "use" for forty years.   The right of eminent domain is sovereign, and all private and corporate realty is subject to it, except that where the right has already been exercised, and the property continues in the use for which it was conveyed or appropriated, it can not again be taken for a different or inconsistent purpose.   *Cemetery of Spring Grove* v. *Cin. Ry.*, 7 W. L. J., 251.

In this case it appearing that interments were made on payment of a fee, no title to the ground being granted to individuals, the only rights acquired by the survivors were to have the bodies of their dead remain long enough for thorough decomposition, and removed to another burying ground, when the property should be used for secular purposes.   *Windt* v. *German Reformed Church*, 4 Sand. Chan. Rep., 502.

It did not render the ordinance invalid to state several harmonious purposes for which the property was to be used.   Indeed it was the only practicable way.   Should several ordinances be passed and several actions brought to condemn different parts of the same tract?   That would complicate the situation, require an unnecessary multiplicity of suits and largely increased costs for no good reason.

The necessity for the appropriation can not be questioned except for fraud and collusion.

The Burns law does not apply and could not be made to apply in advance of any knowledge as to what the premises would cost.

Nor was it necessary to declare the estate or interest to be acquired; for a fee simple is presumed unless a lesser estate is mentioned.

But we think the trustees of the churches should have been individually named as such. To generally designate parties to a suit as "trustees" of a church without giving their names leaves the identification of the parties wholly to the determination of the officer serving the process; and there is no means of testing the correctness of the service by comparison with the petition.

Opportunity will be afforded, however, to correct the condemnation proceedings in that respect, so as to bring the proper parties into court.

The case therefore will be continued for that purpose.